Sewall, J
At the trial of this issue, there was no evidence
offered of a payment to the defendants, or of any tender of payment, made by the plaintiffs in discharge of the mortgage in question. There was evidence that, some time in April, 1803, two of the plaintiffs, William Howard and William Howard, Jun., contracted with one John Richardson, to sell him the mortgaged premises for * 5000 dollars, he providing for the redemption, and for the payment of the defendants’ demand, amounting then to nearly 3000 dollars, and securing the surplus to the Howards; that Richardson, in execution of this bargain, paid and satisfied to the defendants the amount of their demands; but not before they had engaged to convey the mortgaged premises to Richardson, if not redeemed, and to pay him the amount due for redemption, if that should be seasonably made and insisted on ; and a bond, in the penal sum of 10,000 dollars, with a condition to this effect, was given by the defendants to the said Richardson, dated the 19th of April, 1803; and this was done at the request of two of the plaintiffs, and for the purpose of accommodating them in their bargain with Richardson.
The motive to this request, and to the indirect proceeding to which it led, was an apprehension then entertained by the two defendants, that the original mortgagors might have some right to redeem without the consent of their grantees; and because, in the absence of Robert Howard, then at sea, no complete title could be given to Richardson, unless by the aid of the defendants. And for that purpose it was proposed, and agreed by the parties concerned, that the title purchased by Richardson should be conveyed to him absolutely by the defendants, as soon as the equity of redemption should be foreclosed.
The intentions of the parties would have been pursued in a more direct and technical form, if, instead of their bond to Richardson, the defendants, upon the payment to them of the mortgage money, had assigned to Richardson the mortgage and the mortgaged premises, subject to the remaining equity. And, as a further security, the twro plaintiffs might have been made parties to this deed, as evidence that it was done at their request; and might have released their interest in the equity of redemption, upon receiving payment or security for their shares of the surplus. And for the shares therein payable to Robert Howard, * Richardson *167 might have secured the payment of it to him or his assigns, in case he or they should finally assent to the bargain, and it should be executed on his part. These being the actual and fair intentions of the parties, they would have been thus fully stated and explained ; and they are still discoverable in the evidence produced on this trial.
To place the contract, then, in the point of view most favorable to the plaintiffs, we may consider what, as to a suit like the present, would have been the effect of writings directly expressing the intentions of the parties; substituting Richardson for the defendants, who are no otherwise concerned in this defence, than as it is a means of executing their contract with him, made at the request of two of the plaintiffs.
Now, it is obvious that, after a release to Richardson of their interest in the equity of redemption upon a valuable consideration paid or secured to be paid to them, they are barred of this remedy for a redemption of the mortgaged premises. There is no pretence that the bargain between the two Howards and Richardson depended, in any manner, upon the consent of Robert Howard. It was, on the contrary, absolute and unconditional, and respected the whole estate; although their inability to execute it, as an entire release of the equity of redemption, induced them to obtain the aid of the defendants. And to render this effectual, it was essential ■ that Richardson’s payment should not be considered as a payment for them in discharge of the mortgage, but as a payment for himself, as a purchaser of the mortgaged premises. This was the proposal of the two Howards, in effect; this was the undertaking of Richardson, and the purpose to which his payment, determined in the amount by the mortgage money due, was directed; and the defendants concurred in this design, although no parties to it in any interest they could have in it. Robert Howard, before the three years had expired, *had, it may be supposed, an interest to the amount of one sixth of the mortgaged premises, subject to the mortgage; but to avail himself of this interest as an equity of redemption, there must have been a payment, or a tender of payment, not of the one sixth only, but of the whole mortgage money. If this had not been made, the premises became the property of the defendants, by an absolute estate, discharged of the mortgage; • and in that event they were bound, under a penalty of ten thousand dollars, to convey and transfer the property to Richardson. If Robert Howard dissents from the bargain, between the other two Howards and Richardson, the rights of the defendants, and the consequent demands of Richardson upon them, are not thereby affected; for it will not be pretended that Richardson’s payment was for the account and use of Robert Howard, *168 to enable him to defeat the bargain, which Richardson was endeavoring to effect for his own account and use. Robert Howard was no party to the bargain, or to the proceedings under it, unless he may be so considered, because he had, by his subsequent assent, and his acceptance of his share in the five thousand dollars, the right of becoming a party.
Wilde for the plaintiffs.
Mellen for the defendants.
It is true that the course taken to save the benefit of this equity, by the owners of the other five sixths, left no choice to Robert Howard, but that of assenting to and confirming their bargain, or of foregoing his interest altogether. In this, however, there was no wrong or injury to him, as he was not present, and had no agency or funds, to enable him to secure the chance of a better bargain, by discharging the whole mortgage.
In short, notwithstanding the constraint upon Robert Hoivard in the disposal of this property, what was done by his brothers and partners in the equity of redemption, was the best that could be done for him, as well as themselves, in their actual situation, with out funds to redeem at the time, and was a saving of all that could be saved. If * Robert Howard is disposed to confirm the bargain, under which Richardson has pro
ceeded, and advanced his money, he will be entitled to his share of the saving; but if he will not, the title of the defendants is absolute by the lapse of time; and Richardson’s money is not to be considered as applied for the use of the plaintiffs, when they reject the bargain, upon which the payment was to be applied to their use.
The judgment of the Court is, that the plaintiffs take nothing by their bill.